**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **16-03017-jw**

**ORDER DENYING THE DEBTOR'S MOTION SEEKING DECLARATION THAT THE AUTOMATIC STAY APPLIES PURSUANT TO 11 U.S.C. § 362(a) AND/OR TO IMPOSE STAY PURSUANT TO 11 U.S.C. § 105(a)**

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/01/2016**



*signature: John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 08/02/2016

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE: )
       )    CASE NO. 16-03017-jw
Thomas Paul Glenn, Jr., )
       )    CHAPTER 13
Debtor. )
       )

**ORDER DENYING THE DEBTOR'S MOTION SEEKING DECLARATION THAT THE AUTOMATIC STAY APPLIES PURSUANT TO 11 U.S.C. § 362(a) AND/OR TO IMPOSE STAY PURSUANT TO 11 U.S.C. § 105(a)**

This matter comes before the Court on the Motion of the debtor Thomas Paul Glenn, Jr. ("Debtor") seeking an Order that: (1) the automatic stay of 11 U.S.C. § 362(a) applies to the non-debtor, The Yoga House, LLC ("TYH"); or (2) the automatic stay of 11 U.S.C. § 362(a) should be extended to protect TYH; and/or (3) to impose a stay pursuant to 11 U.S.C. § 105(a)[1] (collectively "Motion"). Crossroads Investors Limited Partnership ("Crossroads"), filed an objection to Motion. No other objections were filed.

A hearing was held on July 14, 2016, and which time the Court conducted an evidentiary hearing during which it heard the testimony of the Debtor and considered the arguments of counsel. Based upon a review of the evidence and pleadings before it, as well as the applicable law and statutes, the Court denies the relief requested by the Debtor, making the following findings of fact and conclusions of law:[2]

---

[1]  Hereinafter, all references to provisions under the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.*, shall be by section number only.

[2]  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

1

**FINDINGS OF FACT**

1. The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 16, 2016.

2. The Debtor, together with his ex-wife, is the part owner of TYH, a South Carolina limited liability company. As set forth in the Family Court Order admitted into evidence at the hearing, the Debtor owns a 60% interest in TYH and the Debtor's ex-wife owns the remaining 40% interest.

3. TYH operated a yoga studio located at 1836 Ashley River Rd, Suite 1, Charleston, SC 29407 (the "Premises"). TYH leased the Premises from Crossroads pursuant to that certain commercial Retail Lease dated January 5, 2012 (the "Lease"). The Lease is in the name of TYH, not the Debtor.

4. TYH is not a debtor in bankruptcy.

5. Crossroads is an unsecured creditor of the Debtor by virtue of his guaranty of TYH's obligations under the lease.

6. Based on certain defaults under the Lease which remained uncured, Crossroads locked TYH out of the Premises. Thereafter, the Debtor filed his Motion. Crossroads terminated the Lease by letter on July 12, 2016.

**CONCLUSIONS OF LAW**

The Debtor seeks a ruling from the Court that the automatic stay applies to stay Crossroads from pursuing any lock-out/eviction actions against TYH. In the alternative, Debtor's Motion asks the Court to exercise its equitable powers pursuant to 11 U.S.C. § 105, and impose a temporary injunction to stay any lock-out/eviction against TYH by Crossroads.

*Injunction under § 105*

Generally, a request for injunctive relief under the Court's equitable authority pursuant to § 105 should be made by filing an adversary proceeding. 10 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 7001.08 (16th ed. rev. 2016); *see also* Fed. R. Banker. P. 7001; Fed. R. Bankr. P. 7003 (an adversary proceeding should be commenced with a complaint); *Chicora Life Center, LC v. UCF 1 Trust 1* (*In re Chicora Life Center, LC*), Adv. Pro. No. 16-80083-JW (Bankr. D.S.C. June 17, 2016. As of the July 14, 2016 hearing, no adversary proceeding seeking relief pursuant to § 105 had been brought by Debtor.[3] Therefore, the Court will not consider Debtor's request for relief under § 105.

*Extension of the Automatic Stay under § 362(a)*

To support his request for protection of TYH pursuant to § 362, the Debtor has the burden of showing both sufficient factual and legal grounds to support the requested relief. *Newberry Atrium Prof'l Ctr., LLC v. TD Bank, N.A.* (In re *Newberry Atrium Prof'l Ctr., LLC*, Adv. Pro. No. 13-80028-JW (Bankr. D.S.C. 2013). As stated by this Court in *Newberry*:

> [the issue is] whether unusual circumstances exist to warrant an extension of the automatic stay . . . . This determination is a fact specific inquiry which is necessarily based on the circumstances of a particular case. Among the factors indicating "unusual circumstances" which were identified by the Fourth Circuit in A.H. Robbins include: (1) there is such identity between the debtor and the third party that the debtor may be said to be the real party defendant and that a judgment against the third party will in effect be a judgment against the debtor; (2) the suit against

---

[3] Certain courts have, in their discretion, considered exceptions to the general rule that an adversary proceeding should be filed to seek injunctive relief under § 105 when extraordinary circumstances are present. *See In re Brier Creek Corp. Ctr. Assocs. Ltd.*, 486 B.R. 681, 688–89 (Bankr. E.D.N.C. 2013); *In re Service Merchandise Co., Inc.*, 256 B.R. 755, 765–66 (Bankr. M.D.Tenn. 2000). In the present matter, the Court does not find that extraordinary circumstances are present for the Court to consider a request for injunctive relief under § 105 without the filing of an adversary proceeding. Further the Court notes that chambers advised Debtor's counsel of the need for an adversary proceeding when counsel alerted chambers of his intent to file the Motion and his need for an expedited hearing. This is further noted in the Court's Order and Notice of Emergency Hearing filed on July 6, 2016, which states that: "To the extent the Motion seeks the imposition of a stay under 11 U.S.C. § 105, the Court will not consider such relief at the expedited hearing and should be sought through a separate adversary proceeding."

>   the third party would threaten or interfere with the debtor's reorganization; (3) whether the third party is necessary to the debtor's reorganization efforts; (4) whether the third party is entitled to indemnity from the debtor which would deplete the debtor's assets; and (5) whether a judgment against the non-debtor would be binding or imputed to the debtor by operation of law.

*Newberry Atrium,* at *5 (*citing A.H. Robins Co. v. Piccinin* (*In re A.H. Robins Co.*), 788 F.2d 994, 999-1004 (4th Cir. 1986)).

To meet his factual burden, the Debtor testified that he was the alter ego of TYH. He testified that he did not fully adhere to corporate formalities and on occasion used the assets of TYH as his own. Other than this self-serving testimony and his affidavit, the Debtor introduced no other evidence.

As legal support for his request, the Debtor argued that extension of the automatic stay was warranted under the standard set forth in *A.H. Robins Co. v. Piccinin* (*In re A.H. Robins Co.*), 788 F.2d 994 (4th Cir. 1986). The Debtor also directed the Court's attention to the Second Circuit's opinion *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003), in which the Second Circuit Court of Appeals affirmed the lower court's order extending an individual debtor's automatic stay to the individual's wholly owned LLC. The Debtor argued that *Queenie* provided legal support both for his request that the stay be extended to encompass TYH, and also his request, first made at the hearing, that the order extending the stay be entered *nunc pro tunc* to the petition date.

With respect to Debtor's evidentiary burden, the Court finds that the Debtor did not meet his burden of proof. It is undisputed that TYH is a separately constituted LLC, owned 60% by the Debtor and 40% by his ex-wife. As a separate LLC, TYH's property interests are separate from that of its members. *See In re Brittain*, 435 B.R. 318, 322 (Bankr. D.S.C. Aug. 16, 2010) ("South Carolina law expressly provides that the members of an LLC have no property interest in the property of an LLC"); S.C. Code Ann. § 3-44-501.

4

It is undisputed that the Lease is in the name of TYH, not the Debtor, and that the Debtor is not a party to the Lease but merely a guarantor of TYH's obligations.[4] No testimony was offered to show that Crossroads or other creditors of TYH believed that TYH and Debtor were alter egos of each other, nor was there any evidence or testimony that Crossroads treated Debtor, not TYH, as the tenant or real party in interest under the Lease.

Finally, and perhaps most problematic for the Debtor, is the fact that TYH's leasehold interest in the Premises has been terminated and it appears that TYH no longer has any interest in the Premises to preserve.  The parties agree that the Lease was terminated by letter on July 12, 2016.  No evidence was introduced, nor were any arguments made, that the termination was improper or that the notice did not comply with the terms of the Lease.  *See generally In re Greenville Am. Ltd. P'ship*, Case No. 00-00721-jw (Bankr. D.S.C. March 24, 2000) (discussing applicable South Carolina law on lease termination).

Thus, although the Debtor claims he is the alter ego of TYH, his claim is not supported by the other undisputed facts before the Court.  The Debtor's mere statement that he is TYH's alter ego, without more, is insufficient to meet the Debtor's evidentiary burden.  The Debtor has failed to meet his burden to show sufficient "unusual circumstances" to warrant an extension of the stay, as contemplated by *A.H. Robbins*.

The Debtor also failed to meet the burden of showing sufficient legal grounds to support the requested relief.[5] *Queenie, Ltd. v. Nygard International*, 321 F.3d 282 (2d Cir. 2003), cited by

---

[4] Debtor contemplated assuming the Lease as part of his Chapter 13 plan and bringing the past due amounts current. However, inasmuch as the Lease is not in the Debtor's name, the Debtor had no interest in the Lease that he could assume. Moreover, it is undisputed that the Lease has been terminated.

[5] In its Objection to the Motion, Crossroads cites several decisions rejecting extension of the automatic stay in the Chapter 13 context on the grounds that the limited scope of § 1301 evidences Congress's intent that corporate co-debtors and business debts are not intended to receive the benefit of the automatic stay in Chapter 13 cases.  The Court notes, for purposes of this case, that § 1301 is not available to protect TYH because TYH is not an individual but a separately constituted LLC, and the debt in question

5

the Debtor as providing support for his argument that the stay can be imposed retroactively and prospectively to protect TYH, is clearly distinguishable from the case at bar:

1. In *Queenie*, no objections were filed to the debtor's request for extension of the automatic stay to the non-filing corporate debtor. In this case, the affected party in interest vigorously objects to the relief sought.

2. *Queenie* involved a Chapter 11 debtor. The Debtor is in Chapter 13. This Court was unable to locate any case in which a court extended § 362 to protect a corporate non-debtor, being pursued for a commercial debt, guaranteed by a chapter 13 debtor.

3. The non-debtor in *Queenie* was a corporation wholly owned by the Chapter 11 debtor. In the present case, TYH is not wholly owned by Debtor.

4. The failure of the *Queenie* court to extend the stay would have resulted in immediate adverse consequences to the non-debtor. In the present case, TYH's interest in the Premises was terminated when the Lease was terminated, and there is nothing left to protect. While the lock out and termination of the Lease may have some adverse consequences on the Debtor, the Debtor has no property interest in the Lease because any such interest belonged to TYH.

5. Nowhere in *Queenie* does the court rule that once imposed, the automatic stay can be applied retroactively to the petition date, as the Debtor seeks. Indeed, this Court was unable to locate <u>any</u> case in which a court expressly found that an extension of stay related back to the petition date.

---

is not a consumer debt, but rather a commercial debt. *See* § 1301(a). Beyond this, both because the Debtor did not argue or rely on § 1301, and failed to meet his burden of proof, it is unnecessary for the Court to consider Congressional intent on this subject.

6

Neither the code nor the case law support a finding in favor of the Debtor.

## CONCLUSION

Although the lock out and termination of the Lease may have some adverse consequences on the Debtor, he has failed to meet the evidentiary and legal burden required to obtain an extension of the stay. For the reasons stated herein, the Debtor's Motion is denied.

**AND IT IS SO ORDERED**.